## WHITE v. HUNT.
### No. 14085.

Court of Civil Appeals of Texas. Dallas.

July 15, 1949.

W. L. Crawford and Ralph K. Gillen, both of Dallas, for appellant.

Albert Reagan and J. Hardy Neel, both of Dallas, for appellee.

CRAMER, Justice.

█ This was a suit to recover the sum of $11,001.02 alleged to have been paid by appellee to appellant under duress, coercion, and fraud. Appellant, an attorney at law, represented appellee in a divorce case. The parties, prior to such relation of attorney and client, in writing agreed on a contingent fee of one-third of the property awarded appellee in the final judgment in her divorce case. This was a valid contract. 5 Tex.Jur. 500, sec. 90. After appellant filed suit, made two trips to California, and performed various services in connection with the case, he secured an offer of settlement in amount of $45,000 from appellee's husband, which offer she at first agreed to accept but later refused to consummate, notwithstanding appellant's recommendation. Shortly thereafter appellant received $1,000 from appellee, she alleging and testifying that such $1,000 payment was in lieu of the fee to be received under the contingent contract, and that such contingent contract was thereby rescinded. Appellant alleged and testified that after appellee declined the $45,000 settlement recommended by him, he desired that she advance to him at that time $1,000 to be deducted on final settlement of his contingent fee. This was the first controverted material question of fact raised by the pleadings and evidence. 5 Tex.Jur. 484, sec. 76.

The record further discloses that after the original divorce case was tried the jury's answers to the issues submitted in that case entitled appellee to a divorce; also property and cash amounting to a value of $36,003.06. Judgment in the divorce case was entered on such verdict. The divorce case was not appealed by either party and

became final. Appellee received the property, other than the money awarded her by the jury in the divorce judgment. The cash portion of the judgment, amounting to $25,771.23, was paid by a check drawn in favor of appellee and appellant jointly. This check was taken by them, after banking hours, to the First National Bank in Dallas. While there, appellee claims that appellant, by duress, coercion, and fraud, forced her to pay him the $11,001.02 sued for in this suit; that he threatened to return the settlement check and prevent her from recovering. She further testified that appellant stated he was an ex-FBI agent, a good lawyer, and assured her that he could and would carry out his threats. Appellant denied this and contended and offered evidence to prove that the payment was made voluntarily and in compliance with the original contract and their supplemental agreement that the $1,000 was advanced to him on his contingent fee.

Trial was to the court without a jury and resulted in a judgment for appellee for $7,000. Appellant has perfected this appeal from that judgment.

■■ Points of error raise only the sufficiency of the evidence to sustain the judgment. The evidence raised only two issues of fact, to wit: (1) Was the original contract of employment rescinded by the understanding at the time of the payment of the $1,000? (2) If it was rescinded, then was the $11,001.02 paid by appellee under duress, coercion, and fraud? At the outset we are faced with the fact that since no recovery is sought on quantum meruit, under no circumstances would the evidence or the issues raised justify a $7,000 judgment. The only judgment that could have been rendered under the record here was one for the defendant, or one for the plaintiff for $11,001.02. Under this state of the record this Court cannot, from the court judgment of $7,000 and the absence of findings of fact by the trial court, say whether the court found the original contract rescinded or not; nor, if rescinded, whether the money was paid by appellee, as she alleges, under duress, coercion, and fraud.

Such issues, being controverted issues of fact, will of necessity have to be found by the trial court or jury on a retrial in the district court. The judgment below is therefore reversed and remanded for another trial.